

**U.S. Department of Justice**
*Dwight C. Holton*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*    (503) 727-1000
*Portland, OR  97204-2902*          Fax: (503) 727-1117

June 27, 2011

Renee Manes
Attorney at Law
Federal Public Defender's Office
Portland, OR 97204

    Re:    *United States v. Jeremy Christian*, CR 11-07-RE
            Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to plead guilty to Count One of the Indictment, which charges the crime of Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1).

3.    **Penalties**: The maximum sentence is ten years imprisonment, a fine of up to $250,000, two to three years of supervised release and a $100 fee assessment.

4.    **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.    **Relevant Conduct**: The parties agree that the base offense level is 20 pursuant to U.S.S.G. §2K2.1(a)(4) and that no specific offense characteristics apply and that following a three-level reduction for acceptance of responsibility, the total offense level before departure is 17. In addition, the USAO will recommend a four-level departure based upon the defendant's attempt to return the firearm prior to arrest.

Revised 02/03/10

7.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8.  **Sentencing Recommendation**: The USAO will recommend a sentence at the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above. The USAO will also recommend an adjustment to compensate the defendant for time served in custody on a related state post-prison supervision sanction for which he will otherwise not receive credit.

9.  **Abandonment of Firearm(s)/Property**: By signing this agreement, defendant hereby voluntarily abandons all right, title and interest to the firearm(s) associated with this case.

10. **Additional Departures, Adjustments, or Variances**:

    A.  Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

    B.  Defendant agrees that, should he seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, he will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if he fails to comply with this notice requirement, he will not oppose a government motion for a postponement of the sentencing hearing.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim.

Revised 02/03/10

P. 33 and 18 U.S.C. § 3582(c)(2).

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

DWIGHT C. HOLTON
United States Attorney

Fred Weinhouse
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

7/7/11
Date

Jeremy Christian, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

7/7/11
Date

Renee Manes, Attorney for Defendant

Revised 02/03/10