**DWIGHT C. HOLTON, OSB #09054**
United States Attorney
District of Oregon
**FREDRIC N. WEINHOUSE, OSB #77386**
Assistant United States Attorney
fred.weinhouse@usdoj.gov
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
    Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 11-CR-00007-RE |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JEREMY JOSEPH CHRISTIAN,** | |
| Defendant. | Sentencing Date: September 27, 2011 at 11:00 a.m. |

The United States of America, by Dwight C. Holton, United States Attorney for the District of Oregon, through Fredric N. Weinhouse, Assistant United States Attorney for the District of Oregon, hereby submits the following government's sentencing memorandum:

This matter is scheduled for sentencing to occur on September 27, 2011.  The PSR in ¶¶ 3-7 correctly summarizes the plea agreement between the parties.  The parties have agreed that the base offense level is 20 and that no specific offense characteristics apply.  The government will recommend a full three-level departure for acceptance of responsibility and a four-level departure for the defendant's attempt to return the firearm prior to his arrest.  Those adjustments will result in a Total Offense Level of 13 and the government has agreed to recommend a sentence at the low-end of the advisory guideline range after a four-month

PAGE 1 - GOVERNMENT'S SENTENCING MEMORANDUM
    *United States v. Jeremy Joseph Christian,* 11-CR-00007-RE

adjustment for time served on a related post prison supervision sanction which the defendant will not receive credit for from the BOP (¶ 27). This will result in the government recommending a sentence of 20 months' incarceration. Under the terms of the plea agreement, the defendant may ask the court for a lesser sanction.

The PSR concludes that a two-level specific offense characteristic for the firearm being stolen should apply (¶ 18). The government cannot support that increase. The firearm was never formally reported as being stolen. ATF has been unable to find and contact the purported owner of the firearm despite numerous efforts. As will be pointed out in the defendant's sentencing materials, there is a complicated history between the defendant and the family of the firearm's purported owner. The defendant denies admitting that he took the firearm and the government cannot prove by a preponderance of the evidence that this is a classic "stolen" firearm scenario in which the specific offense characteristic applies. The government is uncomfortable and unwilling to support the two-level increase.

The government believes the factors listed in § 3553(a) support the recommended sentence of 20 months. Although the crime is serious, there is no indication that the defendant possessed the firearm with any intent to use it. His two previous convictions are serious, but they occurred almost ten years ago when the defendant was 20 years old. Most importantly, the defendant was attempting to return the firearm when he was arrested and fully cooperated with the police and has been doing well since being placed on pretrial release (¶ 36). The requested sentence will serve to sufficiently deter others from firearms offenses, deter the defendant from this type of behavior, punish him and prevent him from committing further crimes.

The defendant has agreed to abandon any rights he has to the firearm in question and that

should be noted in the judgment order.  Also, the defendant has abandoned most of his appellate rights in connection with this matter.

DATED this 19th day of September 2011.

>Respectfully submitted,
>
>**DWIGHT C. HOLTON**
>United States Attorney
>
>*s/ Fredric N. Weinhouse*
>**FREDRIC N. WEINHOUSE**, OSB# 77386
>Assistant United States Attorney
>Telephone # 503-727-1014